UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH ELIZABETH PILLAI,

                         Plaintiff,

-against-

CHARLES SCHWAB & CO., INC.,

                         Defendant.

25 Civ. 3836 (JHR) (BCM)

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

JENNIFER H. REARDEN, District Judge:

      Plaintiff Sarah Elizabeth Pillai brings this action *pro se*, alleging, *inter alia*, breaches of contract and fiduciary duty by Defendant Charles Schwab & Co., Inc. ("Schwab").  Before the Court are Plaintiff's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Limited Expedited Discovery, ECF No. 20 (Pl. Mot.) and supporting declaration, ECF No. 21 (Pl. Decl.), as well as Defendant's letter in response, ECF No. 22 (Def. Ltr.).[1]

## BACKGROUND[2]

      Plaintiff attests that, on September 20, 2025, Schwab "sent [her] a letter concerning [her] Inherited IRA account . . . stating: 'If you do not fund your account within 60 days, we will accept this as your intent to discontinue using this account.  Thereafter, we will initiate our process to close the account.'"  Pl. Decl. ¶ 3 (citing Pl. Decl. Ex. A).  Plaintiff states that Schwab "already closed two prior Inherited IRA accounts" in the same manner in 2022, 2023, and 2024.  *Id*. ¶ 5.  Plaintiff further avers that, if Schwab closes her current account (identified with an

---

[1] Plaintiff first attempted to file these papers late on November 16, 2025.  The Clerk of Court rejected her submissions for filing errors.  *See* ECF Nos. 18, 19.  Plaintiff refiled successfully on November 18, 2025, after business hours.

[2] The Court "assume[s]" that the facts set forth in the Complaint, ECF No. 1 (Compl.), and Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Limited Expedited Discovery, are "true for purposes of the instant motion." *Natera, Inc. v. Bio-Reference Laboratories, Inc.*, No. 16 Civ. 9514 (RA), 2016 WL 7192106, at *1 n.1 (S.D.N.Y. Dec. 10, 2016) (denying request for a temporary restraining order).

account number ending -3503), then "all records associated with [her] three Inherited IRA accounts will be permanently destroyed." *Id*. ¶ 6.

Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction essentially (1) prohibiting Schwab from "closing, liquidating, restricting, or interfering with Plaintiff's Inherited IRA account ending -3503 pending resolution of this case" and (2) requiring Schwab to "preserve all internal logs, authorization records, communication records, system entries, and 'notes on record' associated with Plaintiff's three Inherited IRA accounts," as well as her deceased father's IRA account, of which plaintiff claims to be "a 20% beneficiary." Pl. Mot. at 1, 4. Plaintiff also asks the Court to direct Schwab to "remove any third party notes, any third party authorizations, and any restrictions preventing Plaintiff from communicating directly with Schwab about her account and preventing proper funding" and to "produce critical authorization and restriction records within 5 business days." *Id*.

## LEGAL STANDARDS

As Plaintiff is proceeding *pro se*, the Court construes her pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotations omitted). But "[p]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20 Civ. 6835, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (citation and internal quotations omitted).

"It is well established that in this Circuit the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y.

2

2008)).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks and citation omitted).  A plaintiff seeking preliminary injunctive relief to preserve the status quo "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Gazzola v. Hochul*, 88 F.4th 186, 194 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The district court has wide discretion in determining whether to grant a preliminary injunction[.]" *Moore v. Consol. Edison Co.*, 409 F.3d 506, 511 (2d Cir. 2005).  Significantly, "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sibanda v. Elison*, No. 23 Civ. 5752 (JMF), 2023 WL 7165046, at *1 (S.D.N.Y. Oct. 31, 2023) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)) (internal quotation marks omitted).

## DISCUSSION

### A. Likelihood of Success on the Merits

"Defendant's motion[] to dismiss," ECF No. 10, "cast[s] doubt on whether [Plaintiff] can show a likelihood of success or raise serious questions going to the merits." *Sibanda*, 2023 WL 7165046 at *1.  Plaintiff's claims against Schwab rest on the allegation that she is "the rightful beneficiary of her late father's IRA." ECF. No. 1 (Compl.) ¶ 3.  Schwab argues that "all claims in the Complaint . . . are precluded and/or time-barred," and further avers that "[t]he relief Plaintiff seeks in this litigation . . . was already denied with prejudice" in state court.  Def. Ltr. at 1; *see also* ECF No. 10-2 (Def. Mem.) at 4 (asserting that "in multiple April 2025 orders, the

3

Supreme Court specifically denied the relief Plaintiff again seeks in the Complaint.").³ Moreover, despite having notice of Schwab's arguments for nearly five months, *see* ECF No. 10, Plaintiff's TRO filings "contain no legal analysis." *Cunningham v. Gregory Funding*, No. 19 Civ. 5480 (AJN), 2019 WL 5887450 (S.D.N.Y. Nov. 9, 2019) (denying temporary restraining order because *pro se* plaintiff "ha[d] not met his burden of persuasion"). On the record before the Court, "the Court declines to find that Plaintiff has established a likelihood of success on the merits of [her] case to entitle [her] to the extraordinary relief [s]he seeks." *Crichlow v. Verituity Inc., et al.*, No. 25 Civ. 6591, ECF No. 15 at *2 (JHR) (SN) (S.D.N.Y. August 29, 2025) (Netburn, M.J.); *Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 132 (S.D.N.Y. 2016) (denying temporary restraining order and preliminary injunction after "consider[ing] the entire record").

### B. Irreparable Harm

Plaintiff has "fail[ed] to establish the single most important prerequisite for preliminary injunctive relief, namely irreparable harm." *Sibanda*, 2023 WL 7165046 at *1 (denying preliminary injunction because plaintiff failed to show a risk of irreparable harm). "The Second Circuit has held that 'courts must not simply presume irreparable harm . . . . Rather, plaintiffs must show that, *on the facts of their case*, the failure to issue an injunction would actually cause irreparable harm." *Id.* (quoting *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (emphasis added).

The harm Plaintiff fears is that "all records associated with [her] three Inherited IRA accounts will be permanently destroyed." Pl. Decl. ¶ 6. But Plaintiff does not claim that Schwab

---

³ Schwab also contends that this Court lacks subject matter jurisdiction to enforce or issue contempt sanctions with respect to orders issued by a state court. Def. Mem. at 11-13.

4

"destroyed the records" associated with two prior Inherited IRA accounts when they were closed in 2023 and 2024—merely that those records became inaccessible to her. *Id*. ¶ 70; *see also id*. ¶ 59 (describing a December 23, 2020 "system entry" that, according to Plaintiff, Schwab's "internal records show" but that Schwab's counsel has "refused to produce"). Nor does Plaintiff explain why she believes that "critical evidence will be destroyed permanently." Pl. Mot. at 2; *see also* Def. Ltr. at 2 ("If her unfunded inherited IRA account is closed—just as her prior unfunded inherited IRA accounts were—it will have no bearing on any documents or evidence related to her claims in the Complaint."). In any event, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Exp. Corp*., 247 F.3d 423, 436 (2d Cir. 2001) (affirming denial of sanctions motion). Both parties bear that obligation. Any failure to preserve documents may result in sanctions, including adverse inferences or even case-dispositive sanctions. *See Crichlow*, No. 25 Civ. 6591, ECF No. 15 at *2.

      The Court further notes that Plaintiff first attempted to file her motion for "emergency" relief late on November 16, 2025, *see* ECF Nos. 18-19, 57 days after Schwab informed her, by letter, that it would close her account if she did not fund it "within 60 days." Pl. Decl. ¶ 3. Although Plaintiff communicated electronically with Schwab in October 2025, *see* Pl. Decl. Ex. B, nothing in those exchanges suggests that she asked Schwab to keep her account open or inquired as to the preservation of associated electronic records. In any event, Plaintiff does not explain why she delayed for nearly two months in seeking relief from this Court. These facts also weigh against the contention that Plaintiff faces imminent and irreparable harm. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985) ("[Plaintiff's] failure to act sooner

5

undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury."); *Ahchouch v. Lakeview Loan Servicing, LLC*, No. 25 Civ. 93 (CS), 2025 WL 70136 (S.D.N.Y. Jan. 10, 2025) (denying temporary restraining order for lack of irreparable injury where plaintiffs "chose to . . . create a last-minute crisis entirely of their own making").

"Irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction,' *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023), and, therefore, Plaintiff's failure to sufficiently demonstrate this requirement is fatal and the Court need not consider the other requirements for an injunction." *Stringer v. Simon & Schuster, Inc.*, No. 25 Civ. 0670 (MKV), 2025 WL 1916136, at *2 (S.D.N.Y. June 20, 2025) (citing *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)).  The Court therefore declines to grant the "extraordinary and drastic remedy," *Grand River Enter. Six Nations*, 481 F.3d at 66, of a temporary restraining order and preliminary injunction.

## CONCLUSION

Accordingly, Plaintiff's motion, ECF No. 20, is DENIED without prejudice.  All parties are directed to preserve all evidence that might be relevant to any claim or defense in this action. *See Crichlow*, No. 25 Civ. 6591, ECF No. 15 at *2.

The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED.

Dated: New York, New York
       November 20, 2025

                                                          JENNIFER H. REARDEN
                                                          United States District Judge